UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **JON VACCHIANO,** ) | |
| ) | |
| **PLAINTIFF** ) | |
| ) | |
| v. ) | CIVIL NO. 2:11-CV-415-DBH |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** ) | |
| ) | |
| **DEFENDANT** ) | |

## ORDER ON EAJA APPLICATION FOR FEES AND EXPENSES

This motion for attorney fees under the Equal Access to Justice Act is consented to in amount, but the Commissioner objects to the request that the award be payable to the attorney rather than to the plaintiff. Specifically, the response to the motion states:

> To the extent that Plaintiff requests direct payment of these fees to her counsel, . . .the Commissioner objects. In Commissioner of Social Security v. Ratliff, 130 S. Ct. 2521 (2010), the Supreme Court ruled that attorney fees awarded under the Equal Access to Justice Act are payable to the prevailing party and not to the prevailing party's attorney, and that such fees are subject to offset to satisfy any pre-existing debt the prevailing party may owe to the government. Thus, any fees awarded should be paid to the prevailing party and will be subject to offset under the Treasury Offset Program if the prevailing party owes a debt to the government at the time EAJA fees are awarded. Accordingly, any Order directing payment to Plaintiff's counsel shall run afoul to Ratliff.
>
> The Commissioner recognizes that Plaintiff has filed documentation indicating her intent to assign any EAJA award to her counsel. As a convenience to Plaintiff's counsel, the Commissioner will accept this assignment and

> pay EAJA fees directly to Plaintiff's counsel if it is subsequently shown, at the time of the EAJA Order, that the prevailing party owes no debt to the government that would be subject to offset. Wherefore, the Commissioner respectfully requests that this Court's Order direct the payment of EAJA fees to the Plaintiff and not her counsel."

Def.'s Response to Pl.'s EAJA Application for Fees and Expenses (ECF No. 17).

The plaintiff did not reply, perhaps content with the solution proposed by the Commissioner's response. But I must nevertheless treat it as an opposed motion. The Commissioner's objection is **SUSTAINED**, see Drake v. Astrue, 2010 WL 4386515 (D. Me. 2010) (same lawyer for plaintiff). The Commissioner's lawyer shall provide to the Clerk's Office an order that directs payment to the plaintiff, not the lawyer, as is customary in these cases.

I suggest that counsel for Social Security plaintiffs draft their EAJA motions to reflect the law and the Commissioner's practice by explicitly recognizing that the award will be payable to the plaintiff, not the lawyer, but that if at the time of the EAJA order it is shown that the plaintiff owes no debt to the government subject to offset and there is a written assignment, then the fees can be paid directly to the lawyer.

SO ORDERED.

DATED THIS 27TH DAY OF JULY, 2012

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**